IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV456-1-W
3:05CR12-W

| | |
|---|---|
| MICHAEL J. WALLACE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed October 26, 2007. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

**PROCEDURAL HISTORY**

On January 26, 2005, Petitioner was named in a one-count Bill of Indictment charging him with possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841. (Crim Case No. 3:05cr12: Doc. No. 3.) On August 25, 2005, the parties filed a Plea Agreement with the Court. (Crim Case No. 3:05cr12: Doc. No. 22.) On November 18, 2005, Petitioner entered a guilty plea at his Rule 11 hearing. (Crim Case No. 3:05cr12: Doc. No. 24.) On October 23, 2006, this Court sentenced Petitioner to the statutory mandatory minimum sentence of 60 months imprisonment. (Crim Case No. 3:05cr12: Doc. No. 25.) Petitioner did

not directly appeal his sentence or conviction.

On October 26, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1.) In his Motion to Vacate Petitioner raises three claims: 1) ineffective assistance of counsel; 2) insufficient evidence; and 3) court error in failing to apply the safety valve provision.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In

making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. See Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

### A. Booker

Petitioner alleges that his counsel was ineffective for failing to "object at sentencing and raise the question of the Booker decision on the legislative history of crack versus powder cocaine and expressing the disdain for the disparity in the 100:1 ratio." (Doc. No. 1, Addendum.) In support of his claim Petitioner references unspecified cases in unspecified district courts which have allegedly concluded that based upon the holding in Booker the crack/powder disparity can no longer withstand constitutional scrutiny. (Id.)

Petitioner cannot establish that his counsel's performance was deficient or that he was prejudiced. On February 24, 2006, the United States Court of Appeals for the Fourth Circuit held that after Booker a sentencing court cannot vary from the advisory sentencing guideline range by substituting its own crack-to-powder cocaine ratio for the 100:1 ratio established by Congress.

See United States v. Eura, 440 F.3d 625, 633-34 (4th Cir. 2006), pet. cert. filed. June 20, 2006. Consequently, when Petitioner was sentenced on October 23, 2006, the Fourth Circuit had already determined that the crack/powder disparity was insufficient to permit a district court to vary on that basis. As such, Petitioner's counsel had no basis for raising this issue and had he done so, such issue would not have impacted the sentence imposed by the Court. Petitioner's ineffective assistance of counsel claim on this basis fails.

**B. Insufficient Evidence**

Petitioner also argues that his counsel was ineffective for "not objecting and arguing that the evidence was insufficient to prove by a preponderance of the evidence that the cocaine base possessed was crack . . . ." (Doc. No. 1, Addendum.)

Petitioner's claim is completely meritless. Petitioner's Indictment charged him with possession with intent to distribute cocaine base. (Crim Case No. 3:05cr12: Doc. No. 3.) Petitioner entered into a plea agreement in which he stipulated that the amount of cocaine base that was known to or reasonably foreseeable by Petitioner was at least five grams but less than twenty grams. (Crim Case No. 3:05cr12: Doc. No. 22 at ¶ 6.) At his plea hearing Petitioner swore under oath that he understood that he was pleading guilty to possession with intent to distribute at least five grams of cocaine base. (Crim Case No. 3:05cr12: Doc. No. 24.) Petitioner's pre-sentence report set forth that the basis for the charge against him was a drug and gun transaction in which he handed a confidential informant, in the presence of an undercover police officer, 15 grams of cocaine base and a 9 mm pistol. (Presentence Investigation Report ¶ 5.) This Court can find no basis whatsoever in the record for counsel to have raised an insufficiency of the evidence issue. Indeed, even in his Motion to Vacate Petitioner does not

provide any basis for a conclusion that the drug at issue was powder versus crack cocaine. Consequently, Petitioner's ineffective assistance of counsel claim on this basis fails. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).[1]

## III. WAIVER

Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to challenge his sentence or conviction in post-conviction motions except for claims of ineffective assistance of counsel, prosecutorial misconduct, a challenge to a sentence in contravention of an explicit stipulation contained in the plea agreement or a claim based upon an unexpected sentencing issue that has been certified for appeal by the sentencing judge. (Crim Case No. 3:05cr12: Doc. No. 22 at. ¶ 19). At his Rule 11 hearing, Petitioner swore under oath[2] that, among other things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding. (Crim Case No. 3:05cr12: Doc. No. 24 at ¶ 25.)

---

[1] Petitioner is also precluded from raising this claim because a petitioner who pled guilty may not raise independent claims relating to the deprivation of constitutional rights that antedate the guilty plea. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). While such a petitioner may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases, See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973), Petitioner does not assert that his guilty plea was involuntary.

[2] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

The United States Court of Appeals for the Fourth Circuit has upheld knowing and voluntary waivers to contest convictions or sentences in § 2255 motions. See United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005); accord United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir.), cert. denied, 546 U.S. 952 (2005)(upholding defendant's knowing and voluntary waiver of appellate rights). The insufficient evidence and safety valve claims raised by Petitioner in his Motion to Vacate do not fall within the scope of the exceptions to the post-conviction waiver provision. Consequently, inasmuch as Petitioner has not alleged or suggested that his Plea Agreement is somehow invalid, this Court concludes that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge his conviction and sentence on the basis of insufficient evidence or failure to apply safety valve.[3]

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to review of any of the claims contained in his Motion to Vacate as he has waived his right to seek collateral review of these claims or because he fails to establish a claim. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

---

[3] In his Plea Agreement Petitioner stipulated to the application of a gun enhancement. (Crim Case. No. 3:05cr12: Doc. 22 at ¶ 6a.) Moreover, the record clearly supports the application of a gun enhancement. (Presentence Investigation Report ¶ 5.) Moreover, the Court notes that Petitioner did not raise this issue on direct review and does not allege cause for failure to do so and therefore this claim is also procedurally barred. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

Signed: October 30, 2007

Frank D. Whitney
United States District Judge