IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV456-1-W
3:05CR12-W

| | |
|---|---|
| MICHAEL J. WALLACE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's "Motion for Reconsideration for Leave to Amend 28 U.S.C. 2255 Motion to Vacate, Set Aside, or Correct Sentence" (Doc. No. 4), filed November 16, 2007.

On October 26, 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) setting forth claims of ineffective assistance or counsel, insufficiency of the evidence, and failure to apply the safety valve provision. On October 31, 2007, after conducting an initial review, this Court dismissed Petitioner's Motion to Vacate. (Doc. No. 2).

Petitioner has now filed a document asking the Court to reconsider[1] the dismissal of his

---

[1] Judgment was entered against Petitioner by Order dated October 31, 2007. A motion to alter or amend judgment filed within ten days of entry of judgment is properly considered a Rule 59(e) motion regardless of how it is styled; a motion filed later than ten days after entry of judgment is considered a Rule 60 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Petitioner's Motion was signed on November 10, 2007, so applying the mailbox rule set forth in Houston v. Lack, 487 U.S. 266, 270 (1988), this Court will construe his Motion as a Rule 59 motion.

Motion to Vacate and seeking the Court to allow him to amend his Motion to Vacate. In his motion Petitioner alleges that he was unable to procure copies of his plea hearing and sentencing transcripts. Petitioner also complains that he was penalized because he followed the directions on the form and concisely stated his claims.

     Petitioner's failure to obtain copies of his plea hearing and sentencing transcripts or other documents does not provide a basis for this Court to vacate its October 31, 2007 Order.[2] Petitioner made no mention of such a problem in his Motion to Vacate and even in the present motion he provides only scant details of his alleged attempts to obtain copies of the transcripts. With regard to his alleged request for these documents from his counsel, Petitioner does not state when, how many times, or even how he requested these documents. With regard to his alleged request for these documents from this Court, a review of his criminal docket sheet reveals that Petitioner did not even file a request for transcripts[3] with the Court until October 29, 2007 – after he had already filed his Motion to Vacate and within days of the expiration of his limitation period under the Antiterrorism and Effective Death Penalty Act. Petitioner's vague, unsupported assertion regarding his inability to obtain copies of various documents provides this Court with no basis for granting his Rule 59(e) motion.[4]

---

[2] Petitioner's Motion to Reconsider alleges a defect in the collateral review process and so the claim is properly raised in a Motion to Reconsider. See United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003)(noting difference between alleged defects in collateral review process and substantive claims and the different treatment of each in motions to reconsider).

[3] The Court notes that a prisoner does not have a right to a free copy of his transcripts from the Court.

[4] A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

With regard to Petitioner's allegation that the form complaint's instruction to be brief was responsible for his failure to successfully set forth claims, the Court notes that such instructions are not to blame for Petitioner's failure to prevail in his Motion to Vacate. To be successful claims need not be lengthy – but they must contain essential facts to support a claim. The form instructions do not dissuade a petitioner from providing essential facts. <u>See</u> also Fed. R. Civ. P. 8(e)(directing that pleadings should be "simple, concise, and direct").

Turning to Petitioner's request to be able to amend his Motion to Vacate, the Court simply notes that it is too late. A petitioner may not amend a dismissed motion to vacate. Any claims added at this juncture would be successive and under AEDPA "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration for Leave to Amend (Doc. No. 4) is **DENIED**.

Signed: December 20, 2007

Frank D. Whitney
United States District Judge

---

injustice. <u>See</u> <u>Pacific Ins. Co. v. American Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998).